# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON SUMMERS, | ) Case No. CV 16-3588-GW(JPR) |
| Petitioner, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND |
| | ) RECOMMENDATIONS OF U.S. |
| | ) MAGISTRATE JUDGE |
| CHRISTIAN PFEIFFER, Warden, | ) |
| Respondent. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed de novo the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. On August 21, 2017, Petitioner filed Objections, in which he mostly repeats arguments raised in the Petition and Traverse. Those arguments were thoroughly addressed and rejected in the R. & R. Two of Petitioner's objections require brief discussion, however.

Petitioner argues that the Magistrate Judge "misconstrues Petitioner['s] claim . . . that the identification evidence is insufficient," in part because "[t]he jury submitted multiple questions pertaining [to] the witness identification[,] proving doubt." (Objs. at 2-3.) But Petitioner points only to the jury's request for "a read back of James' testimony regarding

'his identification of the shooter and anything regarding James Harrison's eyesight and need for glasses.'" (Pet., Ex. A at 22.) As the Magistrate Judge discussed, "the jury was free to disbelieve" the witnesses' identification testimony but presumably still found the witnesses credible given its guilty verdict. See Wright v. West, 505 U.S. 277, 296 (1992); United States v. Nevils, 598 F.3d 1158, 1169-70 (9th Cir. 2010). Petitioner has not identified any way in which having James's testimony concerning his identification of the shooter read back to the jury was unfairly prejudicial, particularly given that Petitioner's counsel approved the particular testimony that was read back. (See Lodged Doc. 8, 6 Rep.'s Tr. at 4802.) Thus, to the extent Petitioner's objection is intended as additional support for his sufficiency claim regarding the identification evidence, the R. & R. has addressed that claim in full. (R. & R. at 33-36.)

Petitioner also argues that the instructional error regarding CALCRIM 600 "caused a substantial injurious effect and influence on the jury to convict [him]" in part because "the jury took several days to deliberate this case, asking questions concerning the 'kill zone' and . . . then shortly after [returning] a guilty verdict." (Objs. at 4.) The jury apparently asked one question concerning the kill-zone theory: "We need clarification regarding the definition of attempted murder in regards to . . . 'intent,' . . . i.e., does firing into a group of people in a . . . 'kill zone,' . . . show intent?" (Lodged Doc. 8, 6 Rep.'s Tr. at 5102.) Petitioner alleges that the jury found him guilty based on the kill-zone theory, as

suggested by its question regarding the "definition of the kill zone" and whether specific intent was established by "shooting into a crowd." (Id. at 34.) Because the court allowed the CALCRIM 600 instruction to be reread over the defense's objections, Petitioner argues, he was prejudiced. (Id.) But as the Magistrate Judge explained, "the evidence was sufficient to support Petitioner's attempted-murder convictions, and it is immaterial how the jury members actually weighed the evidence and what inferences they drew from it, including whether they relied on the kill-zone theory, in reaching the guilty verdicts." (R. & R. at 32 (citing United States v. Garibay, 675 F. App'x 752, 752 (9th Cir. 2017).) Thus, any questions posed by the jury regarding the kill-zone theory do not mean that Petitioner was prejudiced in some way.

Having reviewed de novo those portions of the R. & R. to which objections were filed, the Court accepts the findings and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that the Petition is denied and Judgment be entered dismissing this action with prejudice.

DATED: November 10, 2017

GEORGE H. WU
U.S. DISTRICT JUDGE